UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KHADIJAH GHAFUR, | ) | 1:08-cv-01502-OWW-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTIONS FOR DISCOVERY AND |
| v. | ) | EVIDENTIARY HEARING |
| | ) | (Doc. 13) |
| K. EICHENBERGER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 13, 2008, the Court ordered Respondent to file a response to the petition. (Doc. 10). On November 21, 2008, Petitioner filed the instant motion that requests an evidentiary hearing and also seeks discovery of unspecified documents. (Doc. 13).[1] On January 13, 2009, Respondent filed the answer. (Doc. 20). On February 17, 2009, Petitioner filed his traverse. (Doc. 23). The case is now fully briefed and awaiting a decision on the merits.

A. Motion for Discovery.

The writ of habeas corpus is not a proceeding in the original criminal prosecution but an

---

[1] The motion itself does not refer to any discovery request and is limited to requesting an evidentiary hearing. However, in a handwritten note appended to the motion, Petitioner refers to bankruptcy proceedings against an organization from which Petitioner apparently was found guilty of embezzling funds. Presumably, Petitioner wishes this Court to permit discovery of unspecified documents related to that organization's bankruptcy.

1

independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)).  A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.  Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at 1089).

Because Petitioner states no specific documents on which he would like discovery, the purpose of the instant motion and the proferred justification for permitting further discovery is unclear.  If the purpose of the instant motions was to ensure this court apply constitutional standards to Petitioner's petition, this court assures Petitioner that it will review the claims in his petition under the provisions of the AEDPA.  Van Tran v. Lindsey, 212 F.3d 1143, 1148 (9th Cir. 2000).  Pursuant to the AEDPA, a state court's decision denying relief may be reversed only if that decision is "contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Id., at 1149 (*quoting* 28 U.S.C. § 2254(d)(1)).

However, if the purpose of Petitioner's motion is to force additional discovery, the motions must be denied.  Unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.  Bracy, 520 U.S. at 904; Harris, 394 U.S. at 295.  A petitioner does not have the right to

2

inquire into all matters which are relevant to the subject matter involved in the pending action, whether admissible at trial or not.  Harris, 394 U.S. at 297.  "Such a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."  Id. Elaborate discovery procedures would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police.  Id.  Nevertheless, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  Id. at 300.

In this case, Petitioner does not specify the documents for which he would like discovery and does not demonstrate good cause why the request for discovery should be granted.   In his petition, Petitioner is challenging, inter alia, the sufficiency of the evidence supporting his conviction. (Doc. 1).  In addressing whether the state court's judgment and sentence that is based upon such evidence was contrary to or an unreasonable application of clearly established federal law, the Court will carefully examine the state appellate record, including the trial transcript, lodged with the Court by Respondent.  In determining whether Petitioner's conviction is supported by substantial evidence, the Court will look at the evidence presented by the prosecution; however, it would be wholly inappropriate for the Court to permit discovery of, and subsequently entertain legal arguments related to, documents not introduced into evidence at Petitioner's trial and considered by the jury in arriving at a guilty verdict.  Thus, in the Court's view, further discovery of the type suggested by Petitioner in the instant motion  would be unnecessary and result in undue delay.  In his motion, Petitioner does not explain why the information is needed, nor what claims or arguments said discovery would relate to, nor why said discovery is relevant to a determination of the merits of this petition.  Accordingly, the Court will deny the motion for discovery.

B.  Motion for Evidentiary Hearing.

Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that:

3

1  (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of
2  fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th
3  Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372
4  U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715
5  (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

As mentioned previously, the answer and traverse have already been filed and the case is now ripe for a decision on the merits.  The Court, however, has not yet conducted such a review of the merits, and thus, whether or not there exists a factual dispute of the type that warrants an evidentiary hearing has not been made.  Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing *should it find one necessary*.  Accordingly, Petitioner's Motion for an Evidentiary Hearing is DENIED.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for evidentiary hearing and discovery (Doc. 13), is DENIED.

IT IS SO ORDERED.

**Dated:   September 9, 2009**                  /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE